(104 So. 550)

## HARTLEY v. STATE. (3 Div. 480.)

(Court of Appeals of Alabama. March 24, 1925. Rehearing Denied April 21, 1925.)

1. **Criminal law ⬉1186(4)—Refusal to permit defendant to ask witness concerning statements indicating ill feeling between defendant's wife and member of raiding party held not prejudicial error.**

Refusal to permit defendant charged with unlawful possession of still to question particular witness as to whether his (defendant's) wife *told witness she did not want a certain member* of raiding party to come into house because of way he had treated her in a certain city *held* not prejudicial error nor grounds for reversal under Supreme Court rule 45, where on whole *record feeling existing between defendant's wife* and such person, and cause therefor was fully made known to jury.

2. **Criminal law ⬉1186(4)—Refusal to permit defendant to show interest of witness held not prejudicial or ground for reversal.**

Refusal to permit defendant charged with unlawful possession of still to show that particular witness and member of raiding party was interested in event of a conviction *held* not prejudicial nor grounds for reversal under Supreme Court rule 45, in view of other evidence disclosing such fact.

Appeal from Circuit Court, Butler County; Arthur E. Gamble, Judge.

John Hartley was convicted of possessing a still, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Hartley, 104 So. 551.

Powell & Hamilton, of Greenville, for appellant.

Counsel argue for error in rulings on evidence, and cite 2 Ency. of Evi. 413; 3 Ency. of Evi. 849; Jernigan v. Flowers, 94 Ala. 508, 10 So. 437; Bessemer L. & I. Co. v. Jenkins, 111 Ala. 150, 18 So. 565, 56 Am. St. Rep. 26; A. G. S. v. Burgess, 114 Ala. 597, 22 So. 169; McGehee v. State, 171 Ala. 24, 55 So. 159; Boyett v. State, 8 Ala. App. 93, 62 So. 984.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

If there is error in excluding evidence, it is rendered harmless by the admission of other evidence to the same effect. 4 Michie's Ala. Dig. 294, 578.

RICE, J. The defendant was convicted of the offense of having in his possession a still, etc., for the purpose of manufacturing prohibited liquors, and appeals.

An inspection of the record reveals that the only exceptions not obviously without merit are those that are argued by counsel for appellant. Consequently, no others will be herein treated.

[1] Contention is made that there was error to reverse in the action of the trial court in refusing to allow defendant to ask the witness Gillespie whether Mrs. Hartley (defendant's wife—not on trial) talked to him (upon the occasion of the search of defendant's premises) and told him that she did not want Baisden, a member of the raiding party, to come in the house (of defendant) because of the way he had treated her in the city of Greenville. We think the court's action complained of was free from prejudicial error. If it were conceded that the evidence sought was relevant and material, it yet appears from the whole record that the state of feeling existing between defendant's wife and the said Baisden, and the cause therefor, was fully made known to the jury trying the case by other evidence. Hence the trial court's action, if error, could not have been prejudicial to defendant.

[2] Appellant next contends that the trial court erred in refusing to allow the defendant to show that the witness Baisden was interested in the event of a conviction. We doubt whether the exception is presented in a way that permits of consideration, but, waiving that, it appears that what we have said as to appellant's first proposition applies equally here. The defendant, in our opinion, had the full benefit of the evidence sought by other testimony to which no objection was interposed. And under the familiar rule 45 of the Supreme Court we would not in any event be willing to predicate a reversal of the case upon either of the two propositions argued so ably by counsel for the appellant in their brief filed in the cause.

Finding no prejudicial error in the record, let the judgment be affirmed.

Affirmed.